UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | | |
|---|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE MOTION TO REMAND [14]

### I.    INTRODUCTION

Pending before the Court is Plaintiff Roy Rios's ("Rios" or "Plaintiff") Motion to Remand the Case to Los Angeles Superior Court. (Dkt. No. 14 (hereinafter, "Motion" or "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.    Factual Background

Plaintiff Roy Rios is a permanently blind individual who resides in Los Angeles County, California. (Dkt. No. 1, Ex. A (hereinafter, "Complaint" or "Compl.") ¶¶ 1, 4.) Defendant Friendly Hills Bank ("FHB" or "Defendant") is a national association with its principal place of business in Whittier, California. (Compl. ¶ 5; Dkt. No. 7 (hereinafter, "Answer") ¶ 5.) FHB owns and operates bank branch locations in California. (Compl. ¶ 5; Answer ¶ 5.) Defendant offers the commercial website, www.friendlyhillsbank.com ("Website"). (Compl. ¶¶ 5, 11; Answer ¶¶ 5, 11.) The Website provides information about FHB's branch locations and descriptions of FHB's products and services. (Compl. ¶¶ 5, 11; Answer ¶ 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

Rios requires screen-reading software to read website content and access the internet. (Compl. ¶ 1.) Rios alleges that the Website contained access barriers that deprived him of the full use and enjoyment of the facilities and services the Website offered. (Compl. ¶¶ 4, 12.) More specifically, Rios avers that the Website's access barriers included: (1) "missing [a]lternative [t]ext" which "prevent[ed] screen readers from accurately vocalizing a description of the graphics; (2) "[e]mpty links that contain no text causing the function or purpose of the link to not be presented to the user," which "can introduce confusion for keyboard and screen reader users"; (3) "[r]edundant [l]inks where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users"; and, (4) "[m]issing form labels which presents a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users." (Compl. ¶ 14.)

Rios brings the instant Action pursuant to the Unruh Civil Rights Act (hereinafter, "Unruh Act"), Cal. Civ. Code § 51. (Compl. ¶¶ 17–22.) Rios alleges that FHB's conduct violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, which constituted a violation of the Unruh Act. (Compl. ¶ 21).

### B.   Procedural Background

Plaintiff filed the instant Action in the Superior Court of the State of California in Los Angeles County ("Superior Court") on May 26, 2017. (*See* Compl.) On June 21, 2017, Defendant removed the Action to this Court pursuant to 28 U.S.C. § 1441. (Dkt. No. 1 (hereinafter, "Removal") at 2.) Defendant answered the Complaint on June 22, 2017. (Answer.) On July 21, 2017, Plaintiff moved to remand the Action to the Superior Court for lack of subject matter jurisdiction. (Mot.) Plaintiff attached a Request for Judicial Notice to his Motion. (*See* Dkt. No. 14-1 ("RJN").) Defendant opposed the Motion and objected to Plaintiff's RJN on July 31, 2017.[1] (Dkt. No. 15 (hereinafter,

---

[1] Defendant filed its opposition to the Motion in four parts, docket numbers 15-18, where numbers 17 and 18 are identical except number 18 included a title page and was filed a day later on August 1, 2017. Defendant also filed two short errata to its opposition on August 1, 2017. The Court acknowledges all of the filed documents but references only docket number 15, the principal opposition filing, for convenience. The Court particularly notes that the errata corrected "Thurston" to "Rios," an

Case 2:17-cv-04582-BRO-JPR Document 24 Filed 08/16/17 Page 3 of 11 Page ID #:177

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

"Opposition" or "Opp'n").) On August 7, 2017, Plaintiff replied to the Opposition. (Dkt. No. 23 (hereinafter, "Reply").)

## III. JUDICIAL NOTICE

Plaintiff seeks judicial notice of (1) Judge Kronstadt's February 23, 2017 opinion in *Cheryl Thurston v. Toys R Us, Inc.*, No. 5:16-CV-02672-JAK-AGR, (C.D. Cal. February 23, 2017), and, (2) Judge Hatter's May 19, 2017 opinion in *Cheryl Thurston v. Omni Hotels Management Corporation*, No. 16-CV-02596-TJH-KK. (*See* RJN; Dkt. No. 18-2, Exs. A, B.)

A court may properly take judicial notice of: (1) material which is included as part of the complaint or relied upon by the complaint; and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1137 (C.D. Cal. 2010) (holding that a court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to the plaintiff's claim and no party questions their authenticity"). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). Plaintiff fails to explain how, if at all, either the February 23, 2017 order and proceedings before Judge Kronstadt or the May 19, 2017 order and proceedings before Judge Hatter are relevant to the matters at issue here. (*See* RJN.) Accordingly, while the items may the proper subject of judicial notice, they are not relevant to this case. Therefore, the Court **DENIES** Plaintiff's RJN.

---

understandable mistake since the present filing is a near duplicate to Mr. Hawes' opposition filed in an almost identical case, *Chery Thurston v. Chino Commercial Bank, N.A.*, 5:17-CV-01078-BRO-JC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

## IV. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). 28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint. Thus, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

## V. DISCUSSION

Defendant claims removal was proper because this Action: (1) arises under the laws of the Constitution[2], (*see* Removal ¶ 4; Opp'n at 6–13 (raising issues of the Commerce Clause, U.S. Const. art. I, § 8, cl. 3); Opp'n at 13–17 (raising issues of Due Process, U.S. Const. amend. V)); and, (2) involves a substantial question of federal law, (*see* Opp'n at 17–25). The Court addresses Defendant's arguments in turn.

### A. Whether Plaintiff's Claim "Arises Under" Federal Law

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, (1987). Under this rule, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Therefore, "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent

---

[2] Defendant argues that the Court has jurisdiction over issues "arising under" the Constitution. (*See* Opp'n at 4–6 (citing *Blackburn v. Portland Gold Mining Co.*, 175 U.S. 571, 580 (1900), and *Cohens v. State of Virginia*, 19 U.S. 264, 324-25 (1821)).) The cases cited by Defendant do not support its position that this Court has subject matter jurisdiction in this matter under Article III, or that federal court's Article III jurisdiction is broader than its statutory jurisdiction under § 1331. In fact, in *Blackburn*, the Supreme Court comes to the opposite conclusion that the Defendant desires here. The Court determines that although the plaintiff's land claim was brought under a statute passed by Congress in 1875, the federal court does *not* have jurisdiction because the controversy does not directly invoke a federal question. *Blackburn*, 175 U.S. at 587-88. This case thus does not support an argument for expanding federal courts' jurisdiction. *Cohens* is also of no assistance to the Defendant. *Cohens* regards the scope of *appellate* jurisdiction; the only original jurisdiction the case addresses is the Supreme Court's original jurisdiction over cases in which the state is a party. Defendant's Article I arguments likewise fail. Article I merely discusses the maximum authority that Congress has to grant jurisdictions through enacting legislation, and not, as Defendant contends, the maximum jurisdiction the Court can exercise over claims that "arise under" the Constitution. *See* U.S. Const. art. I, § 8, cl. 3. Accordingly, Defendants argument that the Court can exercise greater authority in the instant Action than has been authorized pursuant to § 1331 is unpersuasive.

Case 2:17-cv-04582-BRO-JPR Document 24 Filed 08/16/17 Page 6 of 11 Page ID #:180

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

federal claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citing *Caterpillar Inc.* 482 U.S. at 399).

Moreover, "a case may not be removed to federal court on the basis of a federal defense . . . even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998). Rather, federal jurisdiction "depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation*, 213 F.3d at 1113; *see also K2 Am. Corp. v. Roland Oil & Gas LLC*, 653 F.3d 1024, 1029 ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.") (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)).

Here, Plaintiff asserts a single, state-law cause of action under California law—namely, the Unruh Act. (Compl. ¶¶ 17–22.) Moreover, in his prayer for relief, Plaintiff seeks only state-law remedies pursuant to the Unruh Act. (*See* Compl. ¶ 21.) While Defendant asserts a violation of due process, (*see* Answer at 6), as discussed above, removal based on a federal defense is improper. Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law. *See Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx)., 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation).

### B. Whether the "Complete Preemption" Doctrine Applies

In contrast to the "well-pleaded complaint rule," the "artful pleading" rule, provides that "a plaintiff may not defeat removal by omitting to plead *necessary* federal questions in a complaint." *ARCO Envtl. Remediation*, 213 F.3d at 1114 (emphasis added). Thus, even when the complaint contains a state-law cause of action, federal jurisdiction may lie "where federal law completely preempts state law." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). The "complete preemption" doctrine applies to "those cases in which federal law completely preempts state law and provides a federal remedy." *Id.* (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389,

Case 2:17-cv-04582-BRO-JPR   Document 24   Filed 08/16/17   Page 7 of 11   Page ID #:181

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

1403 (9th Cir. 1988)).  "Complete preemption is rare."  *Id.*  On the other hand, "preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."  *Id.* (citing *Toumajian v. Frailey*, 135 F.3d 648, 654–55 (9th Cir. 1998)).  "In determining whether a state statute is pre-empted by federal law and therefore invalid . . . [the court's] sole task is to ascertain the intent of Congress."

As discussed above, where a federal law does not completely displace state law, the state law is not completely preempted.  Importantly, district courts in the Ninth Circuit have held that the ADA does not completely preempt the Unruh Act.  *See, e.g.*, *Stevens v. Optimum Health Inst.– San Diego*, 810 F. Supp. 2d 1074, 1099 (S.D. Cal. 2011) (explaining that the ADA states that more expansive State laws are not preempted by the ADA, and specifically addressing that the ADA does not preempt the more expansive Unruh Act).  And the Ninth Circuit has explained that Congress specifically intended that the ADA not give rise to a claim for damages, implying that the ADA does not completely displace the Unruh Act.  *See Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002).  Where, as here, the Plaintiff seeks remedies not available through federal claims, the Court finds that federal law does not completely preempt Plaintiff's Unruh Act claims.  *See Wander*, 304 F.3d at 859.

### C. Whether Plaintiff's State-Law Claim Contains an Embedded Federal Question

A state-law claim may also give rise to federal jurisdiction when the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

#### 1. Necessarily Raised

A state-law claim "necessarily raises" a federal question if the claim itself "actually turn[s] on construction of [a] federal law.  *El Camino Hospital v. Anthem Blue Cross of Cal.*, Case No.: 5:14-CV-00662-EJD, 2014 WL 4072224, at *3 (N.D. Cal. Aug. 14, 2014).  Moreover, if a claim "can be supported by alternative and independent

Case 2:17-cv-04582-BRO-JPR Document 24 Filed 08/16/17 Page 8 of 11 Page ID #:182

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

As discussed previously, Plaintiff alleges violations of the Unruh Act, which involves a violation of the ADA. (Compl. ¶ 20.) Because the Court does not have to address the merits of the ADA violation for Plaintiff to succeed on its Unruh Act claims, the Court finds that Plaintiff's claims do not "necessarily raise" a federal question. *See Merced Irrigation Dist. v. Cty. of Mariposa*, 941 F. Supp. 2d 1237, 1271 (E.D. Cal. 2013) ("[i]f a state-law claim is supported by a theory that contains an embedded federal issue, but the claim can nonetheless be decided on an alternative theory that is not predicated on federal law or a federal issue, then the claim itself does not *necessarily* raise a stated federal issue.").[3]

Additionally, Plaintiff seeks only monetary damages in this action. (Compl. ¶ 21.) The Ninth Circuit held in *Wander* that no federal question is raised when the plaintiff seeks only damages under a state statute that makes an ADA violation a violation of state law. *Wander*, 304 F.3d at 857. The Ninth Circuit reasoned that the ADA does not provide for monetary damages, and thus to "exercise federal question jurisdiction in these circumstances would circumvent the intent of Congress." *Id.*

Accordingly, the Court finds removal on the basis of an embedded federal question improper in this circumstance.

---

[3] The Court notes that in a similar action, a district court found that it was ambiguous whether the alleged ADA violations used as a basis for violations of the Unruh Act were "necessarily raised." *See Thurston v. Container Store, Inc.*, Case No. 5:16-cv-02658-SVW-DTB, 2017 WL 658806, at *3 (C.D. Cal. Feb. 16, 2017). To the extent these decisions differ, the Court finds the explicit reasoning of the Ninth Circuit controlling. *See Rains*, 80 F.3d at 346. Thus the Court finds that federal question is not "necessarily raised." Furthermore, even assuming it is ambiguous whether the federal question is "necessarily raised," all ambiguities are resolved in favor of remand. *Container Store, Inc.*, 2017 WL 658806, at *3 (citing *Hunter*, 582 F.3d at 1042).

Case 2:17-cv-04582-BRO-JPR Document 24 Filed 08/16/17 Page 9 of 11 Page ID #:183

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

### 2. "Substantial Question"

Defendant's basis for jurisdiction also fails on the "substantial question" prong. For a federal question to be substantial, "it is not enough that the federal issue be significant to the particular parties in the immediate suit . . . ." *Gunn*, 568 U.S. at 251. Rather, the "substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Id.* Moreover, a question is generally not substantial when it involves "fact-bound and situation specific" inquiries. *See id.* at 263.

Here, the dispute involves the potential interpretation of a federal statute as an element of a state-law claim. (*See* Compl. ¶ 21.) However, even if the Court were to resolve the issue of whether Defendant violated the ADA, the Court's decision involves a "case within a case" inquiry similar to claim presented in *Gunn*. *See Gunn*, 568 U.S. at 261–62. The issue of whether the ADA applies to websites has arisen previously. *Gorecki v. Hobby Lobby Stores, Inc.*, No. CV 17-1131-JFW(SKx), 2017 WL 2957736, at *7 (C.D. Cal. June 15, 2017) (citing *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 205 n.2 (D. Mass. 2012); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 964 (N.D. Cal. 2006)) ("[T]his is a relatively straightforward claim that Hobby Lobby failed to provide disabled individuals full and equal enjoyment of goods and services . . . by not maintaining a fully accessible website. There is nothing unique about this case, as federal courts have resolved effective communication claims under the ADA in a wide variety of contexts—including cases involving allegations of unequal access to goods, benefits and services provided through websites.").

Moreover, as this Action involves an application of the ADA rather than a "novel question" of federal law, state courts are likely to "hew closely to the pertinent federal precedents" of decisions regarding the ADA. *See Gunn*, 568 U.S. at 262; *cf. Tafflin v. Levitt*, 493 U.S. 455, 465 ("State courts adjudicating civil RICO claims will . . . be guided by federal court interpretations of the relevant federal criminal statutes . . . ."). Thus, this Court finds that the Action does not raise a substantial federal question. Finally, to the extent that it is ambiguous whether the claim raises a substantial federal question, as discussed previously, the Court must resolve all ambiguities in favor of remand. *Hunter*, 532 F.3d at 1042.

//

Case 2:17-cv-04582-BRO-JPR Document 24 Filed 08/16/17 Page 10 of 11 Page ID #:184

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

### 3. Disrupting the Federal-State Balance

For federal jurisdiction to lie, the resolution of a dispute must not disturb the appropriate "balance of federal and state judicial responsibilities." *See Gunn*, 568 U.S. at 264. If instead the State has a particularly strong interest in deciding the issue underlying the dispute, finding federal jurisdiction is likely to upset the Federal-State balance. *See id.* (holding that because states have a "special responsibility for maintaining standards among members of the licensed professions," allowing a federal court to decide the dispute in a malpractice claim would upset the balance of federal and state responsibilities).

Here, the claim involves interpretation of the Unruh Act between a resident of California, (*see* Compl. ¶ 4), and a corporation that maintains its principal place of business in California, (*see* Compl. ¶ 5). Moreover, as discussed above, the federal question is likely not necessary to the Unruh Act claim, nor is the issue substantial. Accordingly, the Court finds that federal adjudication of the claim would disrupt the balance between federal and state judiciaries. *See id.* (explaining that federal adjudication of the claim would likely upset the federal-state balance where there was no "substantial" federal question and the issue pertained to matters of particular importance for state resolution). Again, as discussed above, to the extent this element is ambiguous, the Court resolves the ambiguity in favor of remand.[4]

### D. Whether the Court Has Diversity Jurisdiction

Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Here, Plaintiff and Defendant are both citizens of California. (*See* Compl. ¶¶ 4, 5.) Moreover, Defendant failed to argue that diversity jurisdiction

---

[4] Because Defendant fails to establish the first, third, and fourth prongs of the "embedded federal question" inquiry, the Court need not reach the "actually disputed" prong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04582 BRO (JPR) | Date | August 16, 2017 |
|---|---|---|---|
| Title | ROY RIOS V. FRIENDLY HILLS BANK | | |

serves as a proper basis for removal.  (*See* Removal.)  Accordingly, the Court finds that Defendant fails to establish diversity jurisdiction.[5]

## VI.   CONCLUSION

As discussed above, Plaintiff's well-pleaded complaint does not allege a federal cause of action.  In addition, the ADA does not completely preempt Plaintiff's Unruh claims.  Nor do Plaintiff's Unruh claims "arise under" federal law or the laws of the Constitution.  Lastly, the diversity jurisdiction requirements are not satisfied.  For the foregoing reasons, the Court finds that it lacks jurisdiction over the instant Action.  Accordingly, the Court **GRANTS** Plaintiff's Motion, and hereby **REMANDS** the Action to the Superior Court of California, Los Angeles County.  The hearing scheduled for August 21, 2017 is hereby **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[5] Because Defendant fails to establish complete diversity, the Court need not address whether the amount-in-controversy requirement has been satisfied.